## INCUMBRANCE ON INSURED PROPERTY.

[Circuit Court of Pickaway County.]

### LEWIS C. HAMMEL v. INSURANCE CO. OF PENNSYLVANIA.

Decided, 1902.

*Fire Insurance—Condition in Policy Against Incumbrances—Failure to Attach Policy to Bill of Exceptions or to Properly Identify It—Effect of Such Failure—Condition in Policy can not be Defeated by Parole Evidence.*

1. A policy of fire insurance marked Exhibit "A" is not properly identified and can not be considered by the reviewing court, where it is not attached to the bill of exceptions and is referred to in the bill as Exhibit "B."

2. But such failure to properly identify or attach the exhibit does not require that the bill of exceptions be stricken from the files where it appears that questions are properly presented for review other than those involving the exhibit.

3. Evidence that at the time a policy covering personal property was written the assured informed the agent that the property was incumbent is inadmissible for the purpose of varying a provision of the policy rendering it void in case the property is covered by chattel mortgage, unless otherwise provided by agreement indorsed thereon.

JONES, J. (orally) ; CHERRINGTON, J., and SIBLEY, J., concur.

Heard on error.

The petition in the court below was upon a policy of insurance issued by the defendant company to L. C. Hammel & Co., upon certain chattels owned by the defendant, L. C. Hammel. The petition, after setting forth the description of the chattels, avers that at the time of the issuing of the policy in the name of L. C. Hammel & Co. there was a chattel mortgage on the goods and chattels described in the policy, but that the defendant had notice and knowledge of the fact of the existence of that chattel mortgage; it avers the loss and proof of loss and asks judgment for the plaintiff.

The third defense alleges that said policy of insurance, issued to said L. C. Hammel & Company, contained a provision that said policy, unless otherwise provided by agreement in-

dorsed thereon, or added thereto, should be void if the subject of insurance be personal property and be or become incumbered by chattel mortgage, and the defendant then alleges that prior to and at the time of the issuing of said policy of insurance to said L. C. Hammel & Company, by this defendant, said property, goods and chattels insured by said policy of insurance were covered by a chattel mortgage in the sum of $911.50; that there was no agreement indorsed upon said policy or added thereto, consenting to or permitting the lien of said chattel mortgage upon said property so insured by this defendant. Defendant further alleges that at the time it issued said policy of insurance it had no knowledge or notice of the existence of said chattel mortgage.

To obviate the effect of that defense, the plaintiff filed a reply wherein he denies the allegation in said answer that at the time said policy of insurance was issued, said defendant had no knowledge or notice of the existence of said chattel mortgage, and he denies the allegation that the defendant has in no manner waived said condition and provision contained in said policy of insurance; and sets up the fact that the defendant company's agent had notice of the incumbrance upon the chattel property by way of mortgage, and that he, the plaintiff, had no knowledge of any provision in said policy of the character, manner and description set forth in said third defense at the time said policy was issued and delivered to him, and that said agent did not advise or inform him of said provisions, nor that it was necessary that any endorsement should be made upon said policy or added thereto, consenting to or permitting the existence of said chattel mortgage upon said property.

The plaintiff offered his evidence, and at the conclusion of that evidence the defendant moved the court to direct a verdict in its behalf; this the court did, and the verdict was returned by the jury for the defendant. A motion for a new trial was filed; that motion was overruled and a petition in error was filed in this court.

A motion was made by the defendant in error to strike this bill of exceptions from the files. That motion will be overruled,

but in so far as the bill of exceptions does not contain a copy of the insurance policy pleaded in this case, we will disregard the policy itself.   In other words, the court holds that we are not permitted to consider the alleged copy of the policy in this case as being in evidence before this court (although it was before the court of common pleas), for this reason: the bill of exceptions refers to a policy of insurance as having been offered in evidence, but the policy is not in the bill of exceptions; it refers to a policy marked Exhibit ''B,'' and the alleged policy is marked Exhibit ''A,'' and is not in any way attached to the bill of exceptions, offering us no particular way of identifying this policy as the policy offered in evidence; so that in passing upon this case we will pass simply upon the effect of the evidence, as to whether or not it has a tendency to prove a case for the plaintiff below.

While there are a number of questions and answers objected to by the defendant below, a large number of which were properly objected to and properly excluded by the court, the main contention arises as to the action of the court in ruling upon questions and answers found in the bill, relating to the fact whether or not the defendant company, through its agent, had notice of the fact that there was an incumbrance by way of a chattel mortgage upon the property described in the policy of insurance.

It seems from the evidence that one Harry Van Hyde was the agent of the defendant company, and the agent of other insurance companies as well; that some time in 1898 (the plaintiff offered evidence to prove, which was rejected by the court), this agent was told at that time, when attempting to negotiate insurance in another company, for which he was agent, that there was an incumbrance upon this chattel property; and later, when this agent, Van Hyde, did negotiate insurance for plaintiff in the defendant company, testimony was offered to show that, at that time, the plaintiff told the agent that there was a lien by way of a chattel mortgage upon his property.   All of this evidence was excluded by the court upon the theory, no doubt, that it was incompetent to introduce any evidence which

would in any way tend to render nugatory the terms of the insurance policy; and, without reading the various questions and answers touching this matter, that is the bone of contention in this case, whether or not this particular evidence was competent.

We have come to the conclusion that the evidence was incompetent. The evidence, if introduced and allowed to go to the jury by the court below, would have had the effect, in our opinion, of reading into the policy a provision that was in direct opposition to that clause found in the policy. Here was a policy of insurance which provided that if there was any incumbrance of this character upon the property, that the policy, unless otherwise provided by agreement endorsed thereon or added thereto, should be void. The effect of the evidence, if allowed to be introduced, would have been practically to read that provision out of the policy.

It is true that there are a large number of adjudicated cases wherein the agents of insurance companies are allowed to waive certain provisions, rendering the policies void, but that does not come within the purview of this case. It is not a question of the waiver of a contract which has been executed; it is a question as to the provisions of a contract that was made at that time. If it be permitted to introduce parol evidence to wipe out of the insurance policy this particular provision, it would be competent to wipe out others under the same rule. We do not think that the question of waiver affects this case, for waiver makes practically a new contract which is always permitted. We think that *Smith* v. *Insurance Co.*, 19 Ohio St., 287, 290, is practicaly decisive of this case. The opinion of Judge Welch, who was always concise, is brief, and I will read a few lines of it. Judge Welch said:

"We see no error in the rulings of the court below. The charter of the company is expressly made obligatory upon all its members. It expressly declares that policies issued upon incumbered property, without a written application containing a statement of the incumbrance, shall be void. This provision admits of no construction, and no attempt is made to avoid its effect in the present case by proof of fraud or mistake.

It is the law of the parties, adopted by themselves, and becomes part of their contract. By it they have declared and agreed that this form of *written* notice shall be essential to the validity of the policy, and that *verbal* notice can not be substituted for it.''  .

So that we think this question has been practically decided by the Supreme Court as early as the case of *Smith* v. *Insurance Co., supra,* and for these reasons we affirm the judgment of the court below.

*Abernethy & Folsom,* for plaintiff in error.

*J. W. Mooney* and *G. E. Bibbie,* for defendant in error.

---

## BILLS OF EXCEPTIONS.